OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

ABERCROMBIE & FITCH CO. *v.* UNITED STATES

**No. 6493.**—Invoices dated Northampton, England, September 17, 1941, etc.
Certified September 18, 1941, etc.
Entered at New York, N. Y., October 20, 1941, etc.
Entry No. 720440, etc.

(Decided November 7, 1946)

*Lane & Wallace* and *Lane, Young & Fox* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

JAMES McCUTCHEON & CO. ET AL. *v.* UNITED STATES

**No. 6494.**—Invoices dated London, England, January 28, 1942, etc.
Certified January 29, 1942, etc.
Entered at New York, N. Y., March 23, 1942, etc.
Entry No. 743776, etc.

(Decided November 7, 1946)

*Benjamin A. Levett* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

HAMMEL, RIGLANDER & CO., INC., ET AL. *v.* UNITED STATES

**No. 6495.**—Invoices dated Manchester, England, March 28, 1942, etc.
        Certified April 17, 1942, etc.
        Entered at New York, N. Y., May 28, 1942, etc.
        Entry No. 752499, etc.

(Decided November 7, 1946)

*Lane & Wallace* and *Lane, Young & Fox* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

R. H. MACY & CO., INC. *v.* UNITED STATES

**No. 6496.**—Invoice dated London, England, January 14, 1946.
        Certified January 14, 1946.
        Entered at New York, N. Y., February 4, 1946.
        Entry No. 737138.

(Decided November 7, 1946)

*John R. Rafter* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: This appeal for appraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.